UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED PRESS INTERNATIONAL, INC.,** | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:18-cv-00910<br>) |
| v. | ) Judge Campbell<br>) Magistrate Judge Newbern |
| **GLOBAL ONE NEWS, INC.,** *et al.*, | )<br>) |
| Defendants. | |

## ENTRY OF DEFAULT

Pending is Plaintiff's Motion for Clerk's Entry of Default (Doc. No. 18) as to Defendants Global One News, Inc., Stanley W. Fields, and Kurt M. Thomet, along with a Declaration of Alexander B. Owczarczak (Doc. No. 18, Attach. 1) in support of the motion.

**A.    Defendant Global One News, Inc.**

Plaintiff's counsel submitted a proof of service signed by process server Bradley Holton indicating that, on October 10, 2018, he served "Manager of Administration Mari who is designated by law to accept service of process on behalf of Global One News, Inc. f/k/a United News International." (Doc. No. 12 at 1).

Holton's signed proof of service establishes a presumption of service with respect to Defendant Global One News, Inc. *Kubinski v. Tuv Rheinland Industr. Solutions, Inc.,* No. 1:16-cv-51-JRG-SKL, 2017 WL 765885, at *5 (E.D. Tenn. Feb. 6, 2017) (citing *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (a signed return of service constitutes prima facie evidence of valid service)); *Baxter Baily Invs., LLC v. Harrison Poultry, Inc.*, No. 11-3116, 2012 WL 4062771, at *2 (W.D. Tenn. Sept. 14, 2012) ("The weight of authority is clear that '[a] process server's affidavit of service . . . establishes a presumption of service.'"); *Perfect Score Co., Inc. v. Miller*, No. 1:09 CV 1189, 2011 WL 4540742, at **3-4 (N.D. Ohio Sept. 29, 2011) (citing

1

*O'Brien* with approval and finding that "the return of service is prima facie evidence of valid service; therefore, Marra's affidavit creates a presumption of valid service.").

Defendant Global One News is a corporation; therefore, Defendant cannot be an infant, an incompetent person, or a member of the military entitled to protection from default under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931. *See Kubinski*, 2017 WL 765885, at *5.

It appearing that Defendant was duly served with a copy of the Summons and Complaint in this matter, and it further appearing that Defendant has failed to plead or otherwise defend this action and more than twenty-one days have passed since the Defendant has been served, the Clerk finds that entry of default is appropriate.

Accordingly, upon request of the Plaintiff, default is hereby entered against Defendant Global One News, Inc. pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

**B.     Defendants Stanley W. Fields and Kurt M. Thomet**

In support of the Motion for Entry of Default as to Stanley W. Fields, Plantiff's counsel submitted the affidavit of process server Bradley Holton stating that "[a]fter 5 attempts to serve Stanley W. Fields individually with a SUMMONS and COMPLAINT I served Mari, a Manager on duty at Global One News, Inc. f/k/a United News International, Inc. at 3201 Dickerson Pike Nashville TN 37207 on November 8, 2018." (Doc. No. 14 at 1). Plaintiff's counsel also submitted a proof of service signed by Holton indicating that he served the summons and complaint "at P.O.B. after 5 attempts . . . See affidavit on November 8, 2018." (*Id*. at 2).

In support of the Motion for Entry of Default as to Kurt M. Thomet, Plantiff's counsel submitted the affidavit of Holton stating that "[a]fter 5 attempts to serve Kurt M. Thomet individually with a SUMMONS and COMPLAINT I served Mari, a Manager on duty at Global One News, Inc. f/k/a United News International, Inc. at 3201 Dickerson Pike Nashville TN 37207 on November 8, 2018." (Doc. No. 13 at 1). Plaintiff's counsel also submitted a proof of service

signed by Holton indicating that he served the summons and complaint "at Place of Business after 5 attempts . . . See affidavit on November 8, 2018." (*Id*. at 2).

Holton's signed proofs of service establishes a presumption of service with respect to Defendants Fields and Thomet. *See Kubinski,* 2017 WL 765885, at *5 (citation omitted).

In addition, Plaintiff has filed a Declaration of Alexander B. Owczarczak which is compliant with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, with regard to these Defendants. (Doc. No. 18, Attach. 1 at 5-7, 10-13).

It appearing that Defendants were duly served with a copy of the Summons and Complaint in this matter, and it further appearing that Defendants have failed to plead or otherwise defend this action and more than twenty-one days have passed since Defendants have been served, the Clerk finds that entry of default is appropriate.

Accordingly, upon request of the Plaintiff, default is hereby entered against Defendants Stanley W. Fields and Kurt M. Thomet pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

_____
Vicki R. Kinkade
Acting Clerk of Court

3

Case 3:18-cv-00910   Document 19   Filed 01/28/19   Page 3 of 3 PageID #: 87